UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ERIC BARBOZA                      JURY TRIAL DEMANDED

v.                                    CASE NO.  3:15 cv

PROFESSIONAL DEBT MEDIATION, INC.
AMERICAN BANKERS SECURITY INS. CO. d/b/a SUREDEPOSIT

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), l5 U.S.C. § 1692 or applicable state and federal law.

2. The Court has jurisdiction. 15 U.S.C. § 1692k and 28 U.S.C. §133l.

3. Plaintiff is a natural person who has resided in Connecticut at all relevant times.

4. Plaintiff is a consumer within the FDCPA, in that the account involved in defendants' collection efforts arose out of his rental of an apartment for personal, family or household use.

5. At all relevant times, defendant Professional Debt Mediation (PDM) was licensed by the Connecticut Banking Department as a Consumer Collection Agency and was a member of ACA International, a consumer collectors' trade association.

6. Upon information and belief defendant American Bankers ("SureDeposit") provides a program to property management associations whereby it issues a security deposit bond to tenants, and after the tenant defaults in any respect engages in collection efforts, not limited to the security deposit bond.

7. Defendants regularly collect consumer debts through the use of the telephone internet, or mail.

8. Upon information and belief, in or about February 2015 SureDeposit placed two accounts with PDM for collection of past due amounts, including rent, attorneys fee, and late fee.

9. PDM reported one of these accounts, Woodcliff Estates, to consumer reporting agencies, as past due in the amount of $885.

10. Plaintiff did not owe anything to Woodcliff Estates.

11. PDM's initial communication with plaintiff was on March 31, 2015, through collector "Suzanne Moye."

12. PDM did not provide the notices required by § 1692g at any time.

13. PDM's collector communicated directly with plaintiff on March 31, 2015, knowing that he was represented by counsel.

14. SureDeposit was not licensed by the Connecticut Banking Department as a Consumer Debt Collector at or prior to the date of this complaint.

15. Unlicensed collection activity violates the FDCPA. Goins v. JBC & Associates, P.C., 352 F. Supp. 2d 262 (D. Conn. 2005).

16. In the collection efforts, the defendants violated the FDCPA, § 1692c, -e, -f, or –g.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, including $1,000 statutory damages against each defendant under the FDCPA;

2. Award the plaintiff costs of suit and a reasonable attorney's fee;

3. Award such other and such further relief as law or equity may provide.

THE PLAINTIFF

BY____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
faulknerlawoffice@snet.net